UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Oak-hee Ruesch
Plaintiff

vs.

James A. Goodhue
Joseph Gray
Defendants

CIVIL ACTION

NO.

Motion for Restraining Order

Plaintiff Oak hee Ruesch ask this Courts to restrain any one pretending as Court appointed G.A.L. there isn't any one if in power. it's only my rent issues not my legal rights in any manner. Attached letter from Roger C.E. Albrecht Benefits manager from the Commonwealth of Massachusetts Administrative office of the Trial Court dated June 8, 2004 indicates that no name was given other than Guardian Ad litem.

From same office Honorable Robert A. Cornetta Regional Administrative Justice's letter dated September 29, 2003 no names were given other than "consult Court appointed guardian and/or the attorneys representing you from South Middlesex Legal Services as to any questions or concerns you may have."

1.

Right after this letter my rent went up to $195.00 from $110.00 and the fees $25.00 each month. I checked court file I find nothing that my rights and interests were presented to court nor the new order.

All were done by Albert L. Sheffer, MD. who pretended as court appointed G.A.L. to disrupt my legal rights to pursue because all done by him not to get caught.

My complaints are about bring people to justice who can not respect the authorities may learn from consequencies.
Even if court appointed G.A.L. by Lynda M. Connolly, still violations under the federal and state law and my civil rights. My apartment she evict me and replacement I recieved and again tried to displace me.

Please make stop any more of order from Dedham District court dated 10/25/04.

Oak hee lun
Oak hee Ruesch
315 Weston Rd #A3
Wellesley, MA 02482
(781)237-5231

2.

# The Commonwealth of Massachusetts



# A Proclamation

By His Excellency

GOVERNOR MITT ROMNEY

2003

**WHEREAS:** Multiple Chemical Sensitivity is a condition caused by exposure to toxic chemicals, and other irritants in the environment, which causes afflicted individuals to suffer such symptoms as chronic fatigue, muscle and joint pains, rashes, asthma, short-term memory loss, headaches, and other respiratory and neurological problems; and

**WHEREAS:** With no known cure, Multiple Chemical Sensitivity can cause major financial, employment, housing, health, and social consequences for individuals and their families; and

**WHEREAS:** Multiple Chemical Sensitivity is recognized by the Americans with Disabilities Act, the Social Security Administration, the United States Department of Housing and Urban Development, the Environmental Protection Agency, and other state and national government agencies and commissions; and

**WHEREAS:** With the necessary support, understanding, accommodations, and information, individuals with Multiple Chemical Sensitivity can enjoy access to work, schooling, public facilities, and other surroundings where they can continue to contribute their skills, knowledge, and creativity; and

**WHEREAS:** The week of May 11th through May 17th, 2003, is being observed as *Multiple Chemical Sensitivity Awareness Week* to raise public awareness to this debilitating disorder;

NOW, THEREFORE, I, MITT ROMNEY, Governor of the Commonwealth of Massachusetts, do hereby proclaim the week of May 11th through May 17th, 2003, to be

**MULTIPLE CHEMICAL SENSITIVITY AWARENESS WEEK IN MASSACHUSETTS**

and urge all the citizens of the Commonwealth to take cognizance of this event and participate fittingly in its observance.

Given at the Executive Chamber in Boston, this eighth day of April in the year of our Lord two thousand and three, and of the Independence of the United States of America, the two hundred and twenty-seventh

MITT ROMNEY

By His Excellency the Governor

WILLIAM F. GALVIN
Secretary of the Commonwealth



THE COMMONWEALTH OF MASSACHUSETTS
ADMINISTRATIVE OFFICE OF THE TRIAL COURT
Two Center Plaza
Boston, Massachusetts 02108

Tel: (617) 742-8383
Fax: (617) 227-9738

June 8, 2004

Ms. Oak-Hee Ruesch
315 Weston Avenue #A3
Wellesley, MA 02482

Dear Ms. Ruesch:

    I have reviewed the materials you left on May 25, 2004 alleging discrimination under the Americans with Disabilities Act, and, again find no grounds for action by any Administrative Offices of the Trial Court.

    You should continue dealing with your Guardian Ad Litem on all matters relating to the Wellesley Housing Board.

Sincerely,

Roger C.E. Albrecht
Benefits Manager

RCEA/lm

(15)

**COMMONWEALTH OF MASSACHUSETTS**
Trial Court of the Commonwealth
District Court Department

SAMUEL E. ZOLL, Chief Justice

Honorable Robert A. Cornetta,
*Regional Administrative Justice*

Paul Q. O'Donnell, Jr.,
*Regional Administrator*

Regional Administrative Office, Region II
Administrative Office of the District Court
Two Center Plaza - Suite 200
Boston, Massachusetts 02108
TEL: 617-788-8810  FAX: 617-788-8985
TTY: 617-788-8809

September 29, 2003

Ms. Oak Hee Ruesch
315 Weston Road #A3
Wellesley, MA 02482

re: Your September 18, 2003 correspondence to Chief Justice Zoll

Dear Ms. Ruesch:

This correspondence is a follow up to Chief Justice Zoll's letter to you of September 22, 2003 in response to your September 18, 2003 information package forwarded to the Chief Justice.

Your case file materials have been reviewed and they indicate that on December 6, 2002 the trial justice in your case (docket number 0254 SU 0583) appointed a guardian ad litem in this matter and that further, your interests have been represented by legal counsel from the offices of South Middlesex Legal Services. In appointing the guardian the court has made written findings of fact.

There is nothing contained in the materials to suggest the need of any administrative intervention in this matter by this office. In addition, it appears that your interests and rights in this matter are each being properly and adequately represented by the court appointed guardian as well as by assigned legal counsel.

Accordingly, I regret that there is no further remedy this office can afford in your case. It is recommended that you consult regarding these matters with your court appointed guardian and/or the attorneys representing you from South Middlesex Legal Services as to any questions or concerns you may have regarding your rights and responsibilities in this matter.

Sincerely,

Robert A. Cornetta,
Regional Administrative Justice

cc: Chief Justice Zoll



# Trial Court of the Commonwealth
## District Court Department

Administrative Office
Two Center Plaza (Suite 200)
Boston, MA 02108-1906

Telephone
617/788-8810

FAX
617/788-8985

TTY
617/788-8809

Samuel E. Zoll
*Chief Justice*

September 22, 2003

Ms. Oak Hee Ruesch
315 Weston Road #A3
Wellesley, MA 02482

Dear Ms. Ruesch:

    I write to acknowledge receipt of your letter which you delivered to this office on September 18, 2003. In accordance with the policy of this office, I am forwarding your correspondence to Regional Administrative Judge Robert A. Cornetta. He will look into the matter, and you will receive a further response.

                                       Respectfully,

                                         Samuel E. Zoll
                                         Chief Justice
                                         District Court

SEZ:nf
cc:    Honorable Robert A. Cornetta

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                    DEDHAM DISTRICT COURT
                                                DOCKET NO. 0254SU0583

WELLESLEY HOUSING AUTHORITY,    )
                    Plaintiff  )
                                )
v.                              )
                                )
OAK-HEE RUESCH,                 )
                    Defendant   )

RULING ON PLAINTIFF'S RENEWED MOTION FOR EXECUTION

The plaintiff had been awarded judgment on its complaint for summary process, entered on July 19, 2002. Damages were awarded in the amount of $1,532.95 plus costs, and execution for possession was stayed to October 31, 2002.

At hearing on October 31, 2002, the Court ordered an evaluation of the defendant for competency, and continued the proceedings. On December 6, the Court appointed a guardian ad litem for the defendant after finding her incompetent, and continued the stay of execution.

On March 6, 2003, the Court conducted a further hearing, and on March 19, 2003, continued the stay of execution.

The plaintiff has filed a motion seeking to dissolve the stay of execution and allow it to secure an execution. The defendant filed an opposition to the motion. Hearing on the plaintiff's motion was conducted on October 14, 2004, with counsel for the parties and the guardian ad litem present.

The defendant continues to be incompetent, as the Court had earlier established after its review of the lengthy evaluation completed by the designated forensic psychologist. The plaintiff is renewing its request for issuance of the execution on grounds that the conduct which the defendant has exhibited, which stems from the same issue which gave rise to her incompetence, has caused the other tenants of the plaintiff, to experience a deleterious impact upon their use and enjoyment of their respective residential units.

Chapter 239, section 10 of the Massachusetts General Laws permits a stay of execution to be entered in summary process cases, notwithstanding entry of a judgment for possession on behalf of a plaintiff landlord in a residential tenancy. Such stay is permitted, as a matter of discretion, in circumstances in which the defendant/tenant has been unable to obtain suitable alternative premises elsewhere within their community, despite due and reasonable efforts to secure same. It is required that the tenant act in good faith and comply with such terms as the Court may prescribe.

The statutory authorization for stay of execution in summary process cases was designed to mitigate hardships to tenants, and at the same time to protect adequately the rights of the owner of residential premises. See Opinion of the Justices 321 Mass. 772, 773-74 (1947). Granting of the stay is discretionary with the Court, although that discretion must be exercised in accordance with the purpose of the statute. See Lorusso v. Talbot 1999 Mass. App. Div. 301.

In the present case, the defendant has benefitted from the exercise of stay of execution which has been in effect for more than two years. During this time, issues concerning her conduct at the plaintiff's premises have persisted, creating significant administrative difficulties for the plaintiff. Beyond this, that conduct has now begun to have an adverse impact upon the rights of third parties, namely of fellow tenants of the defendant, some of them elderly, whose own housing situations have been placed at risk.

The plaintiff has offered to relocate the defendant to a different unit which, due to its physical location, will not bring her in such direct conflict with her neighbors. The defendant has to this point resisted this offer.

In the highly peculiar posture of the present case, but with recognition of the discretionary nature of this post-judgment stay of execution, and in consideration of the statutory policies which underlie the statute authorizing such stays, the Court finds that the continuation of the stay of execution is unwarranted.[1]

The Court notes that the plaintiff has evinced its desire to see the defendant accept transfer to the alternative housing unit earlier referenced. Such approach appears reasonable and humane in light both of the defendant's disabilities and of its obligations to its other tenants, the defendant's present neighbors. Nothing in this order, of course, in intended to prevent the parties from effecting such transfer by agreement.

The Court orders the stay of execution vacated thirty days from the date of this decision.

By the Court:

Date: October 25, 2004

Thomas A. Connors
Acting First Justice

---

[1] Given that the defendant continues to be incompetent, the Court is not ascribing to her any intentionality or fault in the moral sense in activities which have proven disruptive to the plaintiff and its other tenants. The fact of the defendant's present incompetency, however, cannot serve as an immovable barrier to the plaintiff seeking to secure an execution on its judgment in this civil action. Contrast c. 123 sec. 15(d).

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                       DISTRICT COURT DEPT.
                                                  OF THE TRIAL COURT
                                                  DEDHAM DIVISION
                                                  DOCKET NO: 0254SU0583

| | |
|---|---|
| WELLESLEY HOUSING AUTHORITY ) ) ) VS. ) ) ) OAK HEE RUESCH ) | FINDINGS ON ISSUE OF DEFENDANT'S COMPETENCY AND APPOINTMENT OF GUARDIAN AD LITEM PURSUANT TO G.L. c. 201, SECTION 34 |

   This matter came before me on Plaintiff's complaint for Summary Process against the defendant, Oak Hee Ruesch, when Ms. Reusch filed a motion for a stay of execution after summary judgment was entered for the Plaintiff by Alch, J. on July 19, 2002. At the hearing on the Motion for Stay on October 31, 2002, I observed Ms. Reusch, who has appeared before me in the past in connection with another summary judgment action, and had serious questions about her competency. Pursuant to G.L. c. 123, Section 19, I ordered an evaluation of her competency on an outpatient basis.

   Dr. Frederick W. Kelso, a designated forensic psychologist assigned to the Court Clinic at this court, provided a comprehensive evaluation of Ms. Reusch's competency in a 44 page report dated December 5, 2002. Based on that report, lobby conferences at which both counsel for Ms. Reusch and for the Wellesley Housing Authority were present and at which the Probation Department of this court participated, and based on my own observations of Ms. Reusch in court in connection with this Motion for a Stay of Execution, I find that Ms. Reusch is not competent at this time. While she appears to possess a factual understanding of the proceedings, she does not appear to possess a rational understanding of the proceedings or of the issues before the court in this eviction matter.

   Accordingly, in light of the serious issues at stake and pursuant to G.L. c. 201, Section 34, I hereby appoint Kevin F. Hampe, Esquire of Dedham, MA, as guardian ad litem/next friend to represent Ms. Reusch. Attorney Stephen Matthews from the South Middlesex Legal Services continues to represent Ms. Reusch in the instant action by the Wellesley Housing Authority, which matter is stayed pending Ms. Reusch being restored to competency.

   The fee for Mr. Hampe's services as guardian ad litem shall be paid by the Commonwealth of Massachusetts. Mr. Hampe is hereby chosen as he is known to this court as

an attorney who represents disabled individuals in both civil and criminal matters, his office is located in Dedham, which is important for purposes of giving Ms. Reusch access to him, and he has and remains on the list of available counsel for appointments by this court.

Further, it is ordered that Ms. Reusch must pay use and occupation charges in the amount of $118.00 per month to the Wellesley Housing Authority, and a representative payee must be obtained to handle Ms. Reusch's Social Security Disability payments and the issue of arrearages due to the Wellesley Housing Authority. This matter is set for a status hearing on February 14, 2003.

By the Court,

Lynda M. Connolly
Justice
December 6, 2002

GAL:Oak Hee Reusch/12/06/02

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

DISTRICT COURT DEPT.
OF THE TRIAL COURT
DEDHAM DIVISION
DOCKET NO: 02CVSU0583

WELLESLEY HOUSING )
AUTHORITY               )
VS.                            )
OAK-HEE REUSCH    )
                                   )

MEMORANDUM ON PLAINTIFF'S MOTION FOR PRODUCTION OF PSYCHIATRIC EVALUATION

### BACKGROUND

The defendant, Oak-Hee Ruesch, is the subject of an ongoing Summary Process action commenced by the Wellesley Housing Authority on May 28, 2002 for non-payment of rent. On July 18, 2002, after a jury-waived trial the court, Alch, J. presiding, ordered Judgment for the plaintiff Housing Authority for Possession and for Rent in the amount of $1,532.95 plus court costs in the amount of $131, and stayed execution until October 31, 2002.

On October 30, 2002, the defendant Ms. Reusch applied ex parte for a stay of execution. The court, Connolly, J. presiding, ordered that the plaintiff be given notice of the motion and scheduled the matter for hearing on October 31, 2002, at 10:00 a.m. At that hearing the court had serious questions regarding the competency of Ms. Reusch, appointed counsel from the South Middlesex Legal Services and ordered an out-patient evaluation of Ms. Reusch's competency pursuant to G.L. c. 123, Section 19. Further, the court stayed the Motion for a Stay of Execution pending the results of the competency evaluation.

On December 6, 2002, Judge Connolly reviewed the report of Frederick W. Kelso, PhD, the designated forensic psychologist, which report was reviewed by Ms. Reusch's attorney. After review of the report and with her attorney's assent, the court released pages 22 - 44 of the report to the Plaintiff's counsel. The court issued written Findings, including a finding that the defendant Ms. Reusch was not at that time competent. Further, the court appointed a Guardian ad Litem pursuant to G.L. c. 201, Section 34, ordered that the defendant pay use and occupation of $118.00 per month to the Wellesley Housing Authority and that a representative payee be obtained to handle Ms. Reusch's Social Security Disability payments and the matter of arrearages due to the Housing Authority.

The matter was scheduled for status hearing on February 14, 2003, but was continued by agreement of the parties to March 6, 2003. At that time the Plaintiff filed a Motion for

-1-

Production of Psychiatric Evaluation and Orders regarding the G.A.L. seeking the full 44 pages of Dr. Kelso's report. After a hearing on the matter I again reviewed the full report. At this time, there being no indication that the Wellesley Housing Authority is seeking to contest the court's finding that the defendant, Ms. Reusch, is not competent for purposes of a hearing on her Motion for a Stay of Execution, the Plaintiff's Motion is Denied. See M. G. L. c. 123, SS. 19 and 36. This ruling is without prejudice to the Housing Authority to renew its motion in the event that it decides to contest the court's finding of lack of competence to proceed with the Motion for a Stay of Execution.

At this time the matter remains a pending Motion for a Stay of Execution of the Judgment for Possession issued by Judge Alch on July 18, 2002. The parties agree that a representative payee has been named, that use and occupation is to be paid at a rate of $118.00 per month beginning March, 2003, and that arrearages stand in the amount of $2200.00 as of March 6, 2003. The matter of payment of the arrearages will be addressed at the status hearing scheduled for April 10, 2003, at 9:00 a.m. in the Dedham District Court. As agreed at the hearing on March 6, 2003, if the parties wish to be heard prior to that date they can reach me via telephone conference call at the Brighton District Court at 617-782-6521, ext. 175 or can schedule a mutually agreed upon time for a hearing in Dedham by contacting the Judges' Lobby in Dedham at 781-329-4777, ext. 349.

By the court,

Lynda M. Connolly
Justice of the District Court
March 19, 2003