```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

OAK-HEE RUESCH,                   )
                                  )
        Plaintiff,                )
                                  )    C.A. No. 04-12390-NG
        v.                        )
                                  )
JAMES A. GOODHUE and              )
JOSEPH GRAY,                      )
                                  )
        Defendants.
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, the plaintiff's action is dismissed.

<u>FACTS</u>

On November 10, 2004, plaintiff Oak-hee Ruesch, a resident of Wellesley, filed an application to proceed <u>in forma pauperis</u>, a complaint, and another pleading styled as a motion for a restraining order. In her complaint, Ruesch alleges that defendants James A. Goodhue, an attorney for the Wellesley Housing Authority (the "WHA"), and Joseph Gray, a former employee of the WHA, violated the Fair Housing Act, 42 U.S.C. § 3601, <u>et seq.</u>, by allegedly discriminating against the plaintiff in the provision of public housing on the basis of disability and by retaliating against her for filing complaints of discrimination with state and federal administrative agencies.

Ruesch appears to challenge events that led to the initiation of eviction proceedings against her by the WHA in Dedham District Court in 1999 and again in 2002. The

plaintiff's opposition to the 2002 proceedings eventually resulted in a judicial determination that she was incompetent, the appointment of a guardian ad litem for Ruesch, a judgment of possession in favor of the WHA, a stay of execution of that judgment, and the appointment of a payee to receive Ruesch's Social Security disability benefits and to pay any arrearages owed to the WHA.[1]  See Wellesley Housing Authority v. Ruesch, C.A. No. 02-54-SU-0583 (Dedham Dist. Ct. Oct. 25, 2004) (Connors, J.) (Ruling on Plaintiff's Renewed Motion for Execution), attached as an exhibit to the plaintiff's Motion for a Restraining Order.[2]  On October 25, 2004, the Dedham District Court ordered that the stay of execution on the judgment of possession be vacated.  Id.  The court also noted that it still considered Ruesch to be incompetent.  Id. at 2 n.1.

The plaintiff has brought at least four other previous actions in this Court stemming from the events leading to the 1999 and 2002 eviction proceedings in Dedham District Court, all of which have been

---

[1] Ruesch also appears to allege that the defendants had some involvement in causing the Dedham District Court to find that the plaintiff is incompetent, and she asks that this Court find that she is competent.

[2] In her motion for a restraining order, Ruesch asked the Court to restrain anyone "pretending" to be Ruesch's guardian ad litum. She also asked for relief from the October 25, 2004 order of the Dedham District Court lifting the stay of execution of the 2002 judgment of possession in favor of the WHA. The Court denied this motion in a margin order dated November 10, 2004.

dismissed. Ruesch v. Dillon, C.A. No. 00-12163-NG (complaint alleged facts concerning 1999 eviction proceedings; dismissed under § 1915), aff'd, No. 01-1281 (1st Cir. Feb. 27, 2001); Ruesch v. Wellesley Hous. Auth., C.A. No. 02-12382-NG (granting defendants' motion to dismiss based on res judicata); Ruesch v. Malerba., C.A. No. 03-12036-NG (dismissing under § 1915 based on res judicata); Ruesch v. Goodhue, C.A. No. 04-11166-NG (dismissing under § 1915 based on res judicata). The allegations in her current complaint are substantially similar to those of previous lawsuits.

## ANALYSIS

I.  The Court May Screen this Action

Because the plaintiff has filed her complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against

a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d)).

    II.  Plaintiff's Claims Are Subject to Dismissal

To the extent that the plaintiff's complaint is based on the events surrounding her 1999 and 2002 eviction proceedings, it is essentially a re-packaging of claims that have been previously, and repeatedly, rejected.  Thus, the complaint is subject to dismissal based on res judicata.  See, e.g., In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) ("Under federal law, a 'final judgment on the merits of an action precludes the parties of their privies from relitigating issues that were or could have been raised in that action.'" (quoting Allen v. McCurry, 449 U.S. 90. 94 (1980))); Havercombe v. Dep't of Educ., 250 F.3d 1, 3 (1st Cir. 2001) (same); Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991) (same).

Further, to the extent that the plaintiff seeks to have this Court review decisions of or intervene in proceedings in the Dedham District Court--including that court's finding that the plaintiff is incompetent or its October 25, 2004 lift of the stay of execution of

4

judgment--this Court lacks subject-matter jurisdiction over those claims.  See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citation omitted) (lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman doctrine); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246-1247 (D. Kan. 1998) (dismissing claims based on state eviction proceeding under Rooker-Feldman); 28 U.S.C. § 2283 (federal court may not grant an injunction to stay proceedings in a state court unless one of three narrowly-defined exceptions are met); Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988) (§ 2283 acts as an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of three listed exceptions).

## CONCLUSION

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 17th day of November, 2004.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE