UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OAK-HEE RUESCH,<br>    Plaintiff,<br><br>v.<br><br>JAMES A. GOODHUE and<br>JOSEPH GRAY,<br>    Defendants. | C.A. No. 04-12390-NG |

MEMORANDUM AND ORDER

For the reasons stated below, the plaintiff is enjoined from filing papers in this Court without receiving leave to do so.

On November 10, 2004, plaintiff Oak-hee Ruesch, a resident of Wellesley, filed the complaint in this action. She alleges that defendants James A. Goodhue, an attorney for the Wellesley Housing Authority (the "WHA"), and Joseph Gray, a former employee of the WHA, violated the Fair Housing Act, 42 U.S.C. § 3601, et seq., by allegedly discriminating against the plaintiff in the provision of public housing. Ruesch's allegations concern the events surrounding two eviction proceedings against her, commenced in 1999 and 2002, in Dedham District Court.

Ruesch has brought at least four other previous actions in this Court stemming from the events surrounding the 1999 and 2002 eviction proceedings, all of which have been dismissed. Ruesch v. Dillon, C.A. No. 00-12163-NG (dismissed under § 1915), aff'd, No. 01-1281 (1st Cir. Feb. 27, 2001); Ruesch v. Wellesley Hous. Auth., C.A. No. 02-12382-NG (granting defendants' motion to dismiss based on res judicata); Ruesch v. Malerba., C.A. No. 03-12036-

NG (dismissing under § 1915 based on res judicata); <u>Ruesch v. Goodhue</u>, C.A. No. 04-11166-NG (dismissing under § 1915 based on res judicata). The Court has also ordered the dismissal of the present action on the ground of res judicata.

In the Court's order dismissing the plaintiff's fourth lawsuit concerning the 1999 and 2002 eviction proceedings, I advised Ruesch that

> any future attempts to file claims based on these same events could result in the issuance of an order preventing her from filing additional actions based on these events in this Court absent leave of Court. <u>Elbery v. Louison</u>, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) . . . .
>
> Future filings based on these same events could also result in monetary sanctions pursuant to this Court's inherent powers or under this Court's authority under Federal Rule of Civil Procedure 11. <u>See</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 46-50 (1991) . . . .

<u>Ruesch v. Goodhue</u>, C.A. No. 04-11166-NG (June 21, 2004, docket entry 10).

Ruesch, however, did not heed the Court's warning and filed the present action. Her repeated filing of factually and legally deficient complaints based on events related to the 1999 and 2002 eviction proceedings are a burden on this Court's time and resources and an abuse of the processes of this Court for the administration of justice. This conduct warrants the issuance of an order to the Clerk of this Court that the Clerk not file documents presented to the Clerk by the plaintiff

2

absent leave by a judge of this Court.  See <u>Castro v. United States</u>, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate.").

CONCLUSION

Accordingly, if Oak-hee Ruesch undertakes to file any additional papers in this Court, she shall file a written petition seeking leave to do so.  The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for their filing.  The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court.  Ruesch is instructed that any failure to comply with these requirements may result in additional sanctions, including monetary fines.

A copy of this Order shall be distributed to the Clerk and to each District Judge's session.

SO ORDERED.

Dated at Boston, Massachusetts, this 17th day of November, 2004.

                                 /s/ Nancy Gertner
                               UNITED STATES DISTRICT JUDGE